IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JIMMY CHARLES SMITH

VS.                                              CIVIL ACTION NO. 2:04cv226-KS-JMR

THE KELLY SPRINGFIELD TIRE
COMPANY, ET AL

## ORDER

This cause is before the Court on Motion to Strike Expert, and the Court after considering briefs, supporting documentation and hearing oral argument, does hereby find that the motion should be sustained in part and overruled in part and the Court hereby specifically finds as follows, to-wit:

That the expert proposed to be used by the Plaintiff is Robert B. Moore, Ph.D. and in response to this motion, the Plaintiff has submitted the report of Dr. Moore, which has been reviewed by the Court. The report indicates that Dr. Moore examined the damaged tire, the accident report and other accompanying photos and other materials relevant to the case and performed a non-destructive visual and tactile analysis of the tire. Dr. Moore, after his evaluation, states that the "likely" cause of the failure is attributed to a manufacturing defect, and that the type tire in question suffered in general from a design defect involving the absence of a nylon cap or overlay that surrounds the steel belts, a proven safety technology that is known to greatly reduce the occurrence of catastrophic tread separation. The position of Goodyear is that the tire had been run in an under inflated or overloaded condition.

Dr. Moore is a professor at the University of Southern Mississippi teaching in the School of Polymers and High Performance Materials. As such, he has significant academic and

educational credentials in the field of polymer science. In his deposition Dr. Moore stated as

follows,

> I have not been retained as a tire expert because I am expert in
> polymer science and engineering....
> This is a polymer science and engineering issue that we're dealing
> with here. This is a composite, a polymer composite, issue.
> I have extensive experience and publication experience in polymer
> science and engineering. And the opinions that I have given in this
> report are based on sound fundamental scientific issues that I
> employ every day in my research and scholarly activities."
> (Deposition page 67).
>
> Mr. Baxter:
> Q.  The presence of fully exposed bare steel wires in the subject tire indicates
>     that this tire had improper bonding, you're basing that on the article
>     written by Dr. Daws, correct?...
>
> A.  Yes, I'm basing that opinion on the text and descriptions in the article by
>     Dr. Daws....
>
>     This is a fundamental issue of polymer adhesion to
>     an inorganic substrate. And I have discussed the
>     physical interactions between the polymer and the
>     substrate, and that's what I'm referring to in this
>     particular discussion.
>
> Mr. Baxter:
> Q.  But my question was, you've done no independent testing
>     or verification of your own to confirm that this "therefore"
>     statement is, in fact, true, correct?...
>
> A.  In tires, I have not." (Deposition Page 110-111)
>     "I'm not testifying as tire expert. I'm testifying as a polymer science expert." (Deposition
>     "Therefore, the presence of fully exposed bare steel wires
>     in the subject tire indicates this tire had improper bonding
>     of the rubber skim layer to the steel belts. Did you verify –
>     or, I'm sorry, do you have a means for verification of that
>     statement?
>
> A.  That statement is based on comparison – is based on the
>     information in the article by Dr. Daws....
>     I've based this, therefore, on the scientific data in
>     the Daws paper, particularly in comparing the

       appearance of the fractogram of Dr. Daws, this
       Figure 6, to the fracture behavior observed in Figure
       4 of our incident tire." (Deposition Page 141-142)

  The Mississippi Products Liability Statute states that before liability may be imposed the following must occur:

    (a)  The manufacturer or seller of the products shall not be liable if the claimant does not prove by a preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

    (I)  1.  The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or ...

       3.  The product was designed in a defective manner,...and

    (ii)  The defective condition rendered the product unreasonably dangerous to the user or consumer; and

    (iii)  The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

  This Court has done a Daubert analysis of the proposed testimony by Dr. Moore. ((*Daubert v. Merrell Dow Pharmaceuticals*, *Inc.,* 590 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). See also *McClain v. Metabolife,* 401 F.3d 1233 (11th Cir. 2005). While Dr. Moore is a qualified expert in the field of polymer science, he has never been qualified as a "tire expert" and, in fact, he denies that he is a tire expert in his deposition testimony. He bases much of his testimony on his knowledge of polymer science and the article by Dr. Daws. The four criteria set forth in *Daubert* are non-exclusive and while there is some support for Dr. Moore's theory, there have been millions of the same type of tires whose treads have not separated. He does not tie the potential defect to the tire in question in this litigation. When the wording of the statute is looked to, it is clear that Dr. Moore's testimony would not be helpful to the trier of fact on a relevant

issue. This Court would be ignoring it's "gate keeping" responsibility to allow Dr. Moore's opinions. See also *Wilson v. Woods*, 163 F. 3d 935, 937 (5th Cir. 1995). This Court is required under *Daubert* to "insure" expert witnesses have employed reliable principals and methods in reaching their conclusions." *Guy v. Crown Equipment Corp.*, 394 F. 3d 320, 325 (5th Cir. 2004). Dr. Moore did no testing of the tire and, for the reasons above stated, this Court finds that Dr. Moore should be stricken as an expert in the field of defective tire design and manufacture. He should, however, be allowed to testify as to polymer science regarding polymer fibers and how they affect bonding, etc., if, in fact, this is shown to be relevant in this litigation.

SO ORDERED AND ADJUDGED on this, the 9th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE