IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JIMMY CHARLES SMITH                                                                              PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 2:04cv226-KS-JMR

THE KELLY SPRINGFIELD TIRE COMPANY, *et al.,*                                   DEFENDANTS

**ORDER**

THIS MATTER is before the court on Defendant The Goodyear Tire & Rubber Company's Motion for Summary Judgment, and the court, having reviewed the motion and the documents and authorities submitted by the parties in support of and in opposition to the motion as well as having heard and considered argument of the parties, and being fully advised in the premises, FINDS that the motion is well taken and should be granted. The court finds more specifically as follows:

This is a product liability action in which Plaintiff Smith claims that defective design and/or manufacture caused a Load Range E tire on his truck to separate, resulting in an accident and his injury. Goodyear takes the position that the tire failed because it had been run underinflated and/or overloaded. In support of his claims, the plaintiff offered the opinion testimony of Dr. Robert B. Moore, a professor in the Department of Polymer Science at The University of Southern Mississippi. In Dr. Moore's opinion, the tire had improper bonding of the rubber to the steel belts; the cause of the tire's failure originated from a manufacturing defect, and Load Range E tires in general suffer from a design defect involving the absence of a nylon cap or overlay. After Dr. Moore's deposition was taken, Goodyear filed motions for summary judgment and to strike Moore as an expert witness. The motions are based on Goodyear's contention that Moore is not qualified to give expert opinions as to the presence or absence of alleged manufacturing or design defects in the tire. Following a hearing on the motions and having performed the analysis of Dr. Moore's qualifications and the

reliability of his opinions as it is required by *Daubert v. Merrell Dow Pharm., Inc.*[1] to do, the court entered its order striking Dr. Moore as an expert in the field of tire design and manufacture.

Goodyear's experts have rendered opinions that Load Range E tires have no design or manufacturing defects that would result in tread/belt detachments and that no design or manufacturing defects were found in the Load Range E tire that is the subject of this action. Goodyear contends that without expert testimony the plaintiff cannot establish that the tire was defective at the time it left the manufacturer and that the plaintiff's injury was proximately caused by the defect. The plaintiff counters that even without an expert he has sufficient circumstantial evidence to establish a prima facie case of strict liability.

With regard to the plaintiff's manufacturing and design defect claims, the Mississippi Products Liability Act sets forth the elements that he must establish before liability may be imposed:

> (a)   The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
>  (i) 1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or ...
>
> 3. The product was designed in a defective manner, ... and
>
> (ii)   The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii)   The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a) (Supp. 2004); *Austin v. Will-Burt Co.*, 361 F.3d 862, 867 (5th Cir. 2004).  To avoid summary judgment, the plaintiff cannot rely on the doctrine of *res ipsa loquitur*. *See Edwards v. Sears, Roebuck and Co.,* 512 F.2d 276, 287 (5th Cir. 1975); *Hammond v. Coleman*

---

[1] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

*Co.,* 61 F. Supp. 2d 533, 539 (S.D. Miss. 1999), *aff'd,* 209 F.3d 718 (5th Cir. 2000). He must offer admissible evidence to establish each element of his manufacturing and design defect claims. *See Watkins v. Telsmith, Inc.,* 121 F.3d 984, 993 (5th Cir. 1997); *Davis v. Ford Motor Co.,* 375 F. Supp 2d 518, 523 (S.D. Miss. 2005); *Hammond v. Coleman Co.,* 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999), *aff'd,* 209 F.3d 718 (5th Cir. 2000). Whether the claimed defect is a design defect or a manufacturing defect, the plaintiff must prove that the tire was defective at the time it left Goodyear's control. *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 324 (5th Cir. 2004)(design defect); *Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 341 (5th Cir. 1999)(manufacturing defect) (both citing Miss. Code Ann. 11-1-63(a)).

The plaintiff relies on *Cather v. Catheter Technology Corp.,* 753 F. Supp. 634 (S.D. Miss. 1991) for the proposition that expert testimony is not necessarily required to prove existence of a defect. In that case, a catheter which had been implanted in the plaintiff's chest for chemotherapy treatments broke into two pieces. In his complaint the plaintiff asserted a number of claims against the manufacturer of the catheter, including one for strict liability. The defendant produced an affidavit from a qualified expert stating his opinion that the catheter's failure had been caused by improper implantation. The plaintiff offered no evidence to contradict the defendant's expert nor did he specify the manner in which the product was defective "other than the mere conclusory allegation that because the catheter broke, there must have been some defect in its design or in the materials with which it was produced." *Cather*, 753 F. Supp. at 638. Although the court acknowledged that "under Mississippi law, it is unnecessary to prove a specific, identifiable defect in a cause of action based on strict liability," it concluded that the plaintiff had failed to sustain his burden of producing "at least...that minimal amount of circumstantial evidence that would allow a jury to infer a defective quality in the product." *Id.* at 639. The court refused to equate the doctrine

3

of strict liability with the doctrine of res ipsa loquitur and granted the manufacturer's motion for summary judgment. *Id.*

Like *Cather*, *Daniels v. GNB, Inc.,* 629 So. 2d 595 (Miss. 1993) and *BFGoodrich, Inc. v. Taylor*, 509 So. 2d 895 (Miss. 1987) involved strict liability claims.  In both cases, the Mississippi Supreme Court recognized that circumstantial evidence can be used to show that the product was defective at the time it left the manufacturer, but in both cases, unlike *Cather* and this case, the plaintiffs had experts who testified to the defective nature of the products.  *Daniels ,* 629 So. 2d  at 601-02;  *Taylor*, 509 So. 2d  at 903-04.

In this case, Plaintiff Smith relies heavily on the National Highway Traffic Safety Administration's  report of its investigation of Load Range E tires as circumstantial evidence of the existence of a defect in the tires.  The investigation involved fourteen sizes, 144 models and various construction types of Load Range E tires manufactured over a period of nearly ten years.  Although the report references 87 crashes, all of which involved tread separations of tires without an overlay, NHTSA closed the investigation without making any finding as to the presence or absence of a defect,[2] and nothing in the report provides any details relative to the tires or the circumstances of the referenced crashes.  Absent a showing that these incidents were substantially similar to the one involved in this case, the plaintiff cannot establish admissibility under Federal Rule of Evidence 403. *See Eiland v. Westinghouse Elec. Corp.,* 58 F.3d 176, 181 (5th Cir. 1995).  It follows that the report does not qualify as the " minimal amount of circumstantial evidence that would allow a jury to infer a defective quality in the product." *Cather,* 753 F. Supp. at 639.

Even if the plaintiff's alternative evidence were sufficient to prove a defect in Load Range

---

[2] "[T]his investigation is closed.  The closing of this investigation does not constitute a finding by NHTSA that no safety-related defect exists. The agency will take further action if warranted by the circumstances."

4

E tires in general, it does not prove that nearly seven years after its manufacture, the failure of the tire on Smith's truck resulted from a manufacturing and/or design defect rather than from underinflation and/or overloading. Under Mississippi product liability law, "the burden of proving that when the accident occurred there had been no substantial change in the condition in which the product left the manufacturer is upon the plaintiff." *BFGoodrich, Inc. v. Taylor*, 509 So. 2d 895, 903 (Miss. 1987); *Harris v. International Truck and Engine Corp.,* 912 So. 2d 1101, 1104 (Miss. App. 2005). Regarding circumstantial evidence on this issue, the supreme court has said:

> This circumstantial evidence-of lack of abuse or misuse, of lack of anything other than normal use, and of lack of opportunity for any use or handling at all-is sufficient to allow a reasonable juror to conclude that it was more probable than not that the [product] immediately prior to the accident was in substantially the same condition as when it left the hands of [the manufacturer].

*Daniels v. GNB, Inc.,* 629 So. 2d 595, 602 (Miss. 1993)(citations omitted). Smith's evidence falls far short of creating a genuine issue of material fact on this issue: The tire was approximately seven years old on the date of the accident. The tire was the spare tire underneath the truck at the time Smith bought the truck a year and a half prior to the accident. The tire was mounted on the truck a week before the accident. The plaintiff had not used the tire before then, but the tire had been used, and approximately 25% of its tread was worn away. The plaintiff has no personal knowledge of "whether or how the subject tire had been 'driven on and used' prior to his mounting it on his truck."[3]

Without an expert, Plaintiff Smith has even less evidence to support his strict liability claims than the plaintiff in *Hammond v. Coleman Co.*:

> Significantly, Plaintiff has established no previous failure of a Coleman lantern in the manner alleged by Plaintiff. Although other failures of other Coleman lanterns in a similar manner *would not relieve Plaintiff of having to prove a defect in this*

---

[3] Plaintiff's responses 2-5 to Goodyear's Itemization of Material and Undisputed Facts.

> *particular lantern*, it would be probative. In such a situation Plaintiff's expert testimony as to defect might not require as strict scrutiny. But in this case, Plaintiff not only failed to show similar defects in other lanterns, but the proffered testimony to show the defect in this particular lantern is entirely too speculative.

61 F. Supp. 2d at 541 (granting summary judgment) (emphasis added)*; see also Harris v. International Truck and Engine Corp.,* 912 So. 2d 1101, 1106 (Miss. App. 2005) (affirming summary judgment on its finding that expert testimony on how marks on an axle might have been made provided nothing more than grounds for speculation). Without an expert, Smith cannot prove an essential element of his product liability claims against Goodyear–the existence of a defect in the Load Range E tire–making summary judgment appropriate. *See Johnson v. Davidson Ladders, Inc.,* 403 F. Supp. 2d 544, 547, 550 (N.D. Miss. 2005); *Davis v. Ford Motor Co.,* 375 F. Supp 2d 518, 523 & n.7 (S.D. Miss. 2005) [4] (both granting summary judgment).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant The Goodyear Tire & Rubber Company's Motion for Summary Judgment [#50 ] is **GRANTED,** and that Jimmy Charles Smith's complaint is DISMISSED.

A separate judgment in accord with Federal Rule of Civil Procedure 58 will be entered herein.

SO ORDERED AND ADJUDGED this the 13th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4] The court rejected the plaintiffs' claim of sufficient suggestive circumstantial evidence: "[P]laintiffs cannot prove the existence of a defect at the time the vehicle left the manufacturer merely by showing that the seatbelt and the door somehow came unlatched or otherwise failed during the accident. They need expert proof that these systems were defective, and this, they obviously lack." *Id.* at n.7.

Case 2:04-cv-00226-KS-JMR   Document 79   Filed 03/13/06   Page 7 of 7